IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Mellette, ) | |
| ) | C/A No. 2:11-0241-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Simon Major, Jr., Director, ) | |
| ) | |
| Defendant. ) | |
| ) | |

At the time of the underlying events, Plaintiff Kevin Mellette was a pretrial detainee housed at the Sumter-Lee Regional Detention Center (SLRDC) in Sumter, South Carolina. Defendant Simon Major, Jr. is director of SLRDC. Plaintiff, proceeding pro se, filed a complaint on February 3, 2011, alleging that he contracted a staph infection from poor living conditions at SLRDC. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation.

This matter is before the court on motion for summary judgment filed by Defendant on August 1, 2011. By order filed August 2, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant's motion on August 18, 2011, to which Defendant filed a reply on August 29, 2011. On January 24, 2012, the Magistrate Judge issued a Report and Recommendation in which she determined that (1) Plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); and (2) even if the exhaustion requirement could be set aside, Plaintiff alleged no personal involvement on the part of Defendant, and Plaintiff is unable to establish a theory of

supervisory liability against Defendant. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (ECF No. 35) is **granted** and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

February 21, 2011.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**